FILED
SUPERIOR COURT
OF GUAM
2018 FEB -2 PM 3: 16
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0531-17 |
| vs. | |
| FRANK ANTHONY BABAUTA, DOB: 08/16/1970 | |
| DEFENDANT. | |
| | **DECISION AND ORDER** |
| INAS GERALD RIVERA TAINAONGO, DOB: 02/03/1968 | **(Defendant Frank Anthony Babauta's Ex Parte Motion to Reconsider Pretrial Release Conditions)** |
| DEFENDANT. | |
| PETER MENO SANTIAGO (*aka* Patrick), DOB: 03/17/1961 | |
| DEFENDANT. | |
| | **ORIGINAL** |
| MICHELLE TAINATONGO SANTIAGO, 07/15/1966 | |
| DEFENDANT. | |

CF0531-17 People of Guam v. Frank Anthony Babauta *et al.*
DECISION AND ORDER (re Defendant Frank Anthony Babauta's Ex Parte Motion to Reconsider Pretrial Release Conditions)

Page 1 of 5

# INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 17, 2018 on Frank Anthony Baubata's ("Defendant") Ex Parte Motion to Reconsider Pretrial Release Violations. Defendant appeared with counsel, Attorney Joaquin C. Arriola, Jr., Esq. Upon review of the written and oral arguments and legal authorities, the Court DENIED Defendant's request in open court and on the record. The Court hereby issues the instant Decision and Order confirming the oral order made in open court and on the record.

# BACKGROUND

Defendant was arrested on September 15, 2017 for allegedly committing one (1) count of Illegal Possession with Intent to Deliver a Schedule II Controlled Substance and one count of Possession of a Schedule II Controlled Substance. Magistrate's Compl. 3 (Sep. 16, 2017). Bail was set at $5,000 and Defendant was ordered to appear on October 6, 2017. Order of Conditional Release and Appearance Bond. There were several conditions of Defendant's release, including his agreement to report to the Probation Office at scheduled times and to refrain from leaving Guam without permission of the Court. Id. Defendant was released at this time pursuant to posting an unsecured bond of $5,000. Superior Court Minute Entry (Sep. 16, 2017). On October 6, 2017, a Superior Court of Guam Grand Jury returned an Indictment against the Defendant.

On October 31, 2017, Probation filed the First Violation Report against Defendant, citing Defendant's failure to report three times per week to the Probation Office. First Violation Report (Oct. 31, 2017). Defendant had failed to report on October 16, 18, 20, 23, 25, 27, and 30. Id. Defendant was arraigned in the Superior Court of Guam on November 8, 2017. At that time he pleaded not guilty and asserted his right to a speedy trial. Superior Court Minute Entry (Nov. 8, 2017). Probation filed a Second Violation Report against Defendant on January 9, 2018. Second Violation Report (Jan. 9, 2018). Defendant had once again failed to report to the Probation Office three times per week, this time during the months of December and early January. Id.

Defendant appeared before the Court on January 11, 2018, at which time he notified the Court that he had been unable to check in with the Probation Office due to his being in the

CF0531-17 People of Guam v. Frank Anthony Babauta *et al.*                                      Page 2 of 5
DECISION AND ORDER (re Defendant Frank Anthony Babauta's Ex Parte Motion to
Reconsider Pretrial Release Conditions)

Philippines, where his wife was receiving medical treatment. Superior Court Minute Entry (Jan. 11, 2018). The Court entered a Commitment Order, ordering Defendant to be held at the Department of Corrections in Mangilao for 39 days, scheduled to be automatically released on February 18, 2018. Commitment Order (Jan. 11, 2018). On January 17, 2018, Defendant filed his *ex parte* Motion to Reconsider Pretrial Release Violations.

## DISCUSSION

Defendant seeks release on his personal recognizance, arguing that a release with the imposition of conditions is justified. Def.'s Mot. to Reconsider Pretrial Release Violations 1-2. Defendant claims that "Defendant's wife remains at home with no one to care for her, as she attempts to heal from her surgery. Defendant has been employed full time, and risks losing his job by virtue of his incarceration." Id. at 1.

Section 40.50 provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a) (2015). Defendant has noted that he was unable to meet the conditions of release because he was off-island with his wife while she received medical treatment. Defendant has also noted that his wife is currently recovering from surgery. The Court will therefore consider whether Defendant should be released on his personal recognizance.

Under Guam law, "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions set forth in §§ 40.15 and 40.20." 8 GCA § 40.10. Furthermore, a Defendant is to be released on his or her personal recognizance based on the following provisions:

(a) As used in this Section, 'release on own recognizance' means release of the person charged without bail and upon his written agreement to appear in court at all required times and places and to fully comply with any other Court-ordered conditions and restrictions.

(b) The judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release

CF0531-17 People of Guam v. Frank Anthony Babauta *et al.*                                Page 3 of 5
DECISION AND ORDER (re Defendant Frank Anthony Babauta's Ex Parte Motion to
Reconsider Pretrial Release Conditions)

will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

(c) In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

(i) length of his/her residence on Guam;
(ii) his/her employment status and history, and financial condition;
(iii) his/her family ties and relationships;
(iv) his/her reputation, character and mental and physical condition;
(v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
(vi) his/her history relating to drug or alcohol abuse;
(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
(viii) whether, at the time of the current offense or arrest, he/she was on probation, or parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
(ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15.

Defendant was released pending trial, but did not meet the conditions of his release and was therefore re-incarcerated. In leaving the island, Defendant showed a disregard for the authority of the Court and has created doubt as to his future willingness and ability to appear at scheduled times. Defendant claims that he needs to remain at home with his wife as she recovers from shoulder surgery. The record does not support Defendant's contention that Ms. Babauta is in need

of a caretaker as she recovers from her surgery. The Court also notes that this was an elective surgery.

In consideration of the factors set forth in the abovementioned statute, and based on the arguments presented, the Court **DENIES** Defendant's Motion for release on personal recognizance. The Court takes into account Defendant's failures to obey the conditions of his prior release. Given Defendant's past transgressions and his betrayal of the Court's trust, the Court finds that his release is not appropriate at the present time. Accordingly, the Court **DENIES** Defendant's Motion.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Reconsider Pretrial Release Violations.

This matter is set for further proceedings on February 7, 2018 at 9:00 a.m.

SO ORDERED ____2/2/18____ .

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

APPLA /AG

FEB Date: 2010  Time: 3⁲⁵ PM

Deputy Clerk, Superior Court of Guam

CF0531-17 People of Guam v. Frank Anthony Babauta *et al.*                    Page 5 of 5
DECISION AND ORDER (re Defendant Frank Anthony Babauta's Ex Parte Motion to
Reconsider Pretrial Release Conditions)